**David D. PALMER, Plaintiff–
Appellant,**

v.

**OHIO STATE UNIVERSITY, Medical
Center, et al., Defendants–
Appellees.**

No. 02–3442.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.*

### ORDER

David D. Palmer appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Palmer alleged that the defendants violated his constitutional rights while he was incarcerated in prison administered by the Ohio Department of Rehabilitation and Corrections ("ODRC"). He primarily alleged that he was denied appropriate medical care for a cardiac condition at an ODRC facility and at the Ohio State University Medical Center ("OSUMC"), where he underwent cardiac surgery. The district court finally dismissed the case on March 12, 2002, and it is from this judgment that Palmer now appeals. He has moved for the appointment of counsel and other miscellaneous relief.

We construe the dismissal of Palmer's case as an award of summary judgment because the district court considered evidence beyond the pleadings in reaching its decision. *See* Fed.R.Civ.P. 12(c). An award of summary judgment is reviewed *de novo. Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The affidavit of Assistant Chief Inspector Linda Coval states that Palmer had submitted a grievance and administrative appeal regarding the actions of Dr. Oppong of ODRC, but that he had "not appealed the denial of any grievances relating to alleged deliberate indifference to a serious medical need by any other ODRC employees." Thus, the district court properly found that Palmer had not exhausted the administrative remedies regarding these claims. Palmer apparently argues that Coval mistakenly indicated that he had not filed any administrative appeals. However, her affidavit plainly establishes that he had not filed any grievances against the *ODRC* defendants other

than Dr. Oppong. Therefore, the district court properly dismissed these defendants for lack of administrative exhaustion. *See Curry v. Scott,* 249 F.3d 493, 504–05 (6th Cir.2001).

■ Palmer's Eighth Amendment claim requires a showing that he was exposed to a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It also requires a showing of deliberate indifference or wantonness that is more than mere negligence. *See id.* at 835. The district court dismissed the remaining defendants because Palmer's claims did not rise to the level of a constitutional violation. Palmer continues to argue that the heart operation that he received was more invasive and otherwise different than the operation to which he had consented. However, the allegations in the complaint show that Palmer did receive medical treatment for his condition, even though he may have disagreed with the treatment that he received. Thus, he has alleged no more than a medical malpractice claim that is not cognizable under 42 U.S.C. § 1983. *See Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995).

■ The district court properly held that it did not have jurisdiction over Palmer's claims against a state agency and that the defendants were not amenable to suit under § 1983 insofar as they were sued in their official capacity as state employees. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Palmer argues that several defendants were also sued as individuals. However, his claims against these defendants were either barred by lack of administrative exhaustion or lacking in substantive merit. *See Curry,* 249 F.3d at 504–05; *Sanderfer,* 62 F.3d at 154–55.

■ Palmer apparently alleged that the defendants violated the RICO statute because the ODRC saves money by sending inmates to OSUMC, where they are treated at least in part by medical students and interns. The district court properly rejected this claim because Palmer had not alleged sufficient predicate acts to support a RICO claim. *See* 18 U.S.C. § 1961(1). Palmer continues to argue that the defendants engaged in a racketeering enterprise that involved both fraud and assault. However, his conclusory assertions are not sufficient to satisfy the basic requirements of the statute. *See Begala v. PNC Bank, Ohio, Nat'l Assoc.,* 214 F.3d 776, 781–82 (6th Cir.2000).

We have examined Palmer's other arguments, and they are all equally unavailing.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.